UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

VETTER G. MOORE,                )
                Petitioner,     )
                                )       M.B.D. No:05-    -WGY
                                )
        v.                      )
                                )       **05**MBD **10075**
COMMONWEALTH OF MASSACHUSTTEETTS)
ET AL.,                         )
                Respondent.     )

## MEMORANDUM AND ORDER

YOUNG, C.J.

For the reasons set forth herein, it is ORDERED that Petitioner's January 25, 2005 is stricken and shall be returned to him.  It is further ORDERED that Petitioner's prior filings in his various cases over the past years shall be destroyed.

## BACKGROUND

By Memorandum and Order in Civil Action No. 87-0942-WGY, dated July 8, 1987, this Court found that at least since the late 1970's Petitioner Vetter G. Moore has been a frequent and abusive filer, with respect to numerous petitions for writ of habeas corpus, tort claims, and other claims for monetary damages. That Memorandum and Order enjoined Moore from filing any papers without the aid and signature of counsel, and directed that any papers filed by Moore must be held, but not docketed by the clerk's office.  The Order further provided for twice yearly review of the filings to determine if they presented any new,

non-frivolous, discernable legal claim.

Additionally, by Order dated November 7, 1988, this Court entered another Order in M.B.D. No. 92-10427-WGY, finding that the box full of pleadings in C.A. 87-0942-WGY were not sufficiently articulate or coherent to warrant docketing and filing, and directed those documents to be destroyed.

Petitioner Vetter G. Moore is currently a federal prisoner in Lewisburg, PA. On January 25, 2005, he filed a *pro se* document against various governmental officials and entities, including the United States, the Commonwealth of Massachusetts, the Attorney General, Solicitor General, U.S. Attorney in Washington, D.C. and in Massachusetts, and the Warden of the U.S. Prison in Lewisburg, PA. The document itself is not lucid. From what can be gleaned from the document, it appears Moore is attempting to bring two new cases, one for habeas-type relief, and one for damages. The face of the document states "By Formal Brief Writ of Coram Nobis." It also includes phrases such as "$3 million dollars for false imprisonment suit" as well as cases pending before the First Circuit. It also states "Enhanced As a Armed Career Criminal" in CR 91-10295-RWZ. Below the caption Moore indicates "Above is two cases one civil the other is criminal (both cases) are an was active in (1991) Case is successive governmental prosecution 28 USCA 1651 1391(C)-2241-2254-2255" (Page 1). The balance of the document is likewise incoherent,

2

but appears to again contest the validity of his conviction and sentence before Judge Zobel. This pleading mimics much of his prior submissions, and Moore does not appear to raise any new, non-frivolous, discernable legal claim.

### ORDER

Because Petitioner Moore has failed to comply with this Court's Memorandum and Order of July 8, 1987, and because this Court finds this recent filing to be duplicative, frivolous, and scandalous, it is hereby Ordered, under the authority of 28 U.S.C. § 1915A,[1] that the clerk is directed not to docket this pleading as a new civil action, and to return the document to Vetter G. Moore, along with a copy of this Order.

It is further Ordered that the Memorandum and Order of July 8, 1987 remains in full force and effect, and <u>Petitioner is again advised that he may not file any further papers without the aid and signature of counsel</u>.

---

[1] 28 U.S.C. §1915A provides in pertinent part:
(a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a government entity.
(b) Grounds for Dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the
complaint--
(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

3

Notwithstanding that this Court will not accept for filing Moore's January 25, 2005 pleading, the Miscellaneous Business Docket Clerk shall nevertheless assign this case a Miscellaneous Business Docket number, only for the purposes of preserving this Memorandum and Order for appellate review and/or the public record and public view through this Court's CM/ECF electronic filing system. For completion purposes, this Memorandum and Order shall include as attachments, Moore's January 25, 2005 pleading, and the prior declaratory and injunctive orders referenced herein. Upon docketing of this Memorandum and Order, the Miscellaneous Business Docket case shall be administratively closed.

## FURTHER ORDER ON PRIOR FILINGS

In conjunction with a review of Vetter G. Moore's filing of January 25, 2005, this Court has reviewed a box filled with the submissions of Petitioner, with respect to his various criminal and civil actions.[2]  Many of those pleadings date back several

---

[2]These cases include:

| | |
|---|---|
| 1:91-cr-10295-RWZ | USA v. Moore   (filed 11/05/91) |
| 1:91-mj-11289-MBB | USA v. Moore filed (10/10/91) |
| 1:92-cv-12131-WGY | Moore v. Barr, et al filed (08/31/92) |
| 1:92-mc-10427-WGY | Moore v. Attorney General, US filed (05/06/92) |
| 1:95-mj-00003-LPC | USA v. Moore filed (12/21/94) |
| 1:97-cv-11723-NG | Moore v. Keller filed (07/30/97) |
| 1:99-cv-10549-NG | Moore v. U.S.D.C. Judges, et al (filed 03/05/99) |

4

years, and the recent pleadings filed by Petitioner appear to be substantively duplicative, although this Court finds that none of his pleadings are found to be sufficiently articulate, or even coherent, to warrant docketing and filing of those documents at this time[3]. None present any new, non-frivolous, discernable legal claim.

Accordingly, it is hereby ORDERED that these earlier submissions shall be destroyed.

SO ORDERED.

Dated at Boston, Massachusetts, this __1st__ day of __Feb__, 2005.

_William G. Young_
WILLIAM G. YOUNG
CHIEF, UNITED STATES DISTRICT JUDGE

_____

[3]Indeed, because most of the documents are incoherent, it would present an enormous burden on the resources of this Court to determine in which case each pleading should be filed.

UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS BOSTON

**05 MBD 10075**

US FIRST CIRCUIT
RELATED CASES
FILED
IN CLERKS OFFICE 020 -9I-8OI8
92-8028-93-8039

2005 JAN 25 P 3:13

( DEC I6TH (2004) U.S. DISTRICT COURT
DISTRICT OF MASS

EXCELLANCY GOVERNOR MR MITT ROMNEY OF MASSACHUSETTS

IN RE VETTER G MOORE PETITIONER

_____VERSUS_____    )

DEPONENTS RESPONDENTS ET AL

GOVERNMENT OF THE UNITED STATES )
ET AL
COMMONWEALTH OF MASSACHUSETTS )
US·CHIEF SOLICITOR GENERAL
CHIEF ATTORNEY GENERAL OF MASSA )
MASSACHUSETTS
SOLICITOR GENERAL )
US·ATTORNEY WASH,D.C·
US·ATTORNEY DIST·MASS· )
US·DEPT·OF JUSTICE )
WARDEN US·PRISON LEWISBERG PA

,BY FORMAL BRIEF

WRIT OF ERROR CORAM NOBIS

_____

_____

3 MILLION DOLLAR FALSE
IMPRISONMENT SUIT CIV 9I-0537(D)
MOORE V TRUSTEE SUFFOLK  SUPERIOR
COURT SUFFOLK MASSACHUSETTS BOSTON
9I-8OI8 MOORE V US  TRUSTEE
90-8o53-8043 MOORE V MASS·TRUSTEE
ALL AT US·FIRST CIRCUIT

ENHANCED AS A ARMED CAREER CRIMINAL

IN USA V MOORE INDICTMENT NO 9I-I0295 HON·US·JUDGE MRS·RYA ZOBEL
US ATTORNEY STEPHEN HIGGINSON CONVICTED SENTENCED APRIL I4TH (I992)
AT UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS BOSTON

_____

CIV 9I-0473(D) MOORE V TRUSTEE SUFFOLK COUNTY MASSACHUSETTS BOSTON
INDICTMENT NOM 9I-099572 (8I) SUPERIOR COURT SUFFOLK COUNTY MASSACHUSETTS

ABOVE IS TWO CASES ONE CIVIL THE OTHER
IS CRIMINAL    (BOTH CASES) ARE AN WAS ACTIVE IN (I99I)

CASE IS SUCCESSIVE GOVERNMENTAL PROSECUTION

SWORN UNDER 28 USCA I78 I746    28 USCA I65I I39I(C)-224I-2254-2255
ON DEC I5TH (2004) SWORN BEFORE THE
NOTARY O PUBLIC

RESPECTFULLY SUBMITTED

*Vetter G Moore*

VETTER G MOORE REG NO I8760-038
REG NO I8760-038 US PRISON
LEWISBERG PA BOX I000

CIV NO_____UNITED STATES DISTRICT COURT DISTRICT MASSACHUSETTS BOSTON

(I)      COURT OF SENTENCING

SUPERIOR   COURT SUFFOLK COUNTY BOSTON MASSACHUSETTS CRIM DIVISION
INDICTMENT NO 9I-O99572 (8I)

OFFENSE   INVOLVED P½O POSSESSION WITH INTENT TO DISTRIBUTE I3 GRAMS
OF ALLEGED POWERED COCAIN

POSSESSION OF A FIREARM BY A CONVICTED FELON
 (2)
NO TRIAL

ASSISTANT DISTRICT ATTORNEY MRS ROSLIND MILLER NOLLES PROSEQUI
 THE ABOVE CASE ON NOV I4TH (I99I)

(3)            US ATTORNEY STEPHEN HIGGINSON SENT A US.MARSHALL
 TO ARREST PETITIONER AT SUPERIOR COURT SUFFOLK COUNTY MASSACHUSETTS
 THAT SAME DATE NOV I4TH (I99I)

(4)        RE ARRESTED BY THE FEDERAL GOVERNMENT AN APPEARED BEFORE
HON US MAGISTRATE MRS BOWLERS ON NOV I4TH (I99I)

            ON CHARGES OF BEING A FELON IN POSSESSION OF ,
 A FIREARM AND ( INDICTED) BY A FAKE JOHN DOE GRAND JURY FOR BEING
A ARMED   CAREER CRIMINAL
 (5)
            CONVICTED BY THE FEDERAL GOVERNMENT IN THIS
 SUCCESSIVE PROSECUTION AS A ARMED CAREER CRIMINAL SENTENCED
 TO 35 YEARS WITH IO YEARS CONSECUTIVE FOR FELON IN POSSESSION
OF A FIREARM        COLLETRAL CONSEQUENCES AROSE
(7)
FROM THE ARMED CAREER CRIMINAL ENHANCEMENT UPON NON EXISTING PRIOR
 CONVICTIONS) (ALL PROCURED) SIC) WITHOUT ANY INDICTMENT NON EXISTED
 PETITIONER WAS DECOYED INVEIGLED IN (I973) PRIOR CONVICTION WITHOUT
 ANY INDICTMENT(SIC) NO INDICTMENT EDISTED FOR (I973) CONVICTION ABOVE

CIV NO_____UNITED STATES DISTRICT COURT DISTRICT MASSACHUSETTS BOSTON

ROSS V MCINTRYE 33 LED 85I

(8)    US EX REL SAVAGE V ARNOLD  403 F.SUPP.I72

FACTS OF (I974) CONVICTION

UNJUSTLY USED BY THE GOVERNMENT TO UNJUSTLY ARM CAREER SENTENCE

PETITIONER    DOUGAS V COUGLAN 6I3 F.SUPP.    849

(9)    THE WARRENTLESS ARREST ON DEC 3RD    (I973)

AT DOWNTOWN BOSTON MASSACHUSETTS    AT LA GRANGE STREET DOWNTOWN

TOWN BOSTON

AT APPROXIMATELY 6 NOON PETITIONER WAS SUMMONED

BY (NIGHT CLUB MANAGER MR CHARLES SICUSO ASKING PETITIONER TO COME

TO HIS PLACE OF BUSINESS UPON PETITIONER ARRIVAL AT THE NIGHT CLUB

NAMED GOOD TIMES CHARLES    KOPPMAN 5II F.SUPP.7OO

PETITIONER WAS GREETED BY TEN OFF DUTY POLICE OFFICERS

(IO)
(NOTE) WITHOUT ANY WARRENT AND (SIC) BEING OFF DUTY) PETITIONER

WAS

(A) SHOT BY PISTOL BY THE TEN OFF DUTU DUTY

POLICE OFFICERS (SHOT) THREE TIMES  AT

(II)

POINT BLANK RANGE

NOTATION I STILL HAVE (GUN  SHOT POWER BURNS ON  MY CHEST  FROM

BEING SHOT AT CLOSE RANGE    US V CLASSIC 85 LED.I368

(I2)    CONVICTED WITHOUT ANY INDICTMENT

ON APRIL I4TH (I974    , BEFORE HON.JUDGE MR.CORNILIOUS MOYINHAN

PETITIONER WAS CONVICTED OF ALL IO COUNTS OF ASSAULT WITH INTENT

TO MURDER TEN POLICEMANS (WHOM SHOT PETITIONER(SIC) THREE TIMES

POLICEMANS SHOT PETITIONER,,(THREE TIMES) AT POINT BLANK RANGE

(I3)    BEFORE HON.US.JUDGE MRS RYA ZOBEL US ATTORNEY STEPHEN

HIGGINSON DIST.MASS.BOSTON    , UNJUSTLY USED THESE INDICTMENTLESS

PRIOR CONVICTION TO ERRONOUSLY ENHANCE SENTENCE TO A ARMED CARRER

VIOLATES FUNDAMENTAL ESTABLISHED LAW

WILLIAMS V USA 383 US.787---I6 LED.2D.277

IN RE SIEBOLD  IOO LED.37I

(14)     US V DISE 763.F2D.586---474 US.982---88 LED.341

NO GRAND JURY NEVER INDICTED PETITIONER ON THE (1974) PRIOR CONVICTION
USED BY THE FEDERAL GOVERNMENT TO UNJUSTLY ENHANCE PETITIONER FEDERAL
CONVICTION
        UPON FALSIFIED INFORMATION PETITIONER SUFFERED A INFIRMED
ENHANCEMENT ON A (SIC( UN-INDICTED PRIOR CONVICTION) AGAINST ESTABLISHED
LAW
        US V REES 2F 3D.870    CITE 127 LED.220

(15)
STATEMENT OF CASE
IN COMM OF MASS V MOORE VETTER (1991) CRIMINAL CASE IN WHICH THE
FEDERAL GOVERNMENT CONVICTION ACCURED AND THE ENHANCEMENT IMPOSED

(16)
PETITIONER WAS ILLEGALLY ARRESTED

A VICTIM OF A WARRENTLESS ARREST ON SEPT.16TH (1991)
NO PROBABLE CAUSE EXISTED FOR THE WARRENTLESS ARREST E SEARCH AND
SEIZURE
(18)        BACKGROUND OF CASE

 IN THE ABOVE CASE ON SEPT.16TH (1991) AT BACK  THE SOUTH END
OF BOSTON MASSACHUSETTS    AT 10    ‾ TROTTERS COURT PROJECT PETITIONER

WAS EXITING HIS (DAUGHTER APARTMENT) AT . MIDNOGHT
(18)

WHEN ARRESTED BY POLICE OFFCCER MR.MIGUEL PENTO WITHOUT A WARRENT

BY THE OFFICER (A) STATED REASONS FOR THE ARREST

POLICE OFFICER MIGUEL PENTO CLAIMED A (FACELESS) UNKNOWN) INFORMANT

HAD GIVEN HIM INFORMATION THAT PETITIONER MOORE HAD A HAND GUN

(19)
FLORIDA V LJ
PETITIONER QUOATE THE BOSTON HEARLD NEWS PAPERS ON APRIL 14.(2004)
DECLARING THAT OFFICER PENTO WAS INDICTED FOR (FALSIFYING) ONLY  BLACK
DEFENDANTS POLICE REPORTS ) SUCH AS IN THIS CASE PETITIONER SUFFERED
A FALSE POLICE REPORT (USED) BY THE GOVERNMENT TO SUCCESSIVELY PROSECUTE
(19)        SEE PAGE (  ) SHOWING HOW THE POLICE
REPORT WAS BLANTANTLY FALSIFIED

CIV NO_____

UNITED STATES DISTRICT COURT DISTRICT ? OF MASSACHUSETTSB BOSTON

(20)

SUMMARY   A MISTAKE HASS BEEN MADE PETITIONER HAS ONLY (ONE) PRIOR CONVICTION (IN THE   LAST 40) YEARS THREE PRIOR CONVICTIONS ARE REQUIRES TO BE PROVEN BEFORE A ARMED CAREER CRIMINAL CONVICTION CAN BE IN IMPOSED

(2I)

SEE PAGE 6 PAGE 7 PAGE 8 OF PETITIONERS

P.S.I. REPORT AN SEE F.B.I. CRIM RECORD SHEET NOTATION THE F B I RECORD SHEET THE FBI EVEN STATE IN WRITING THAT THEY (CANNOT UNDERSTAND THE IMPOSITION IO OF SENTENCING FOR A ARMED CAREER CRIMINAL

(22)

CONCLUSION

BOTH THE 3 MILLION DOLLAR LAW SUIT FOR THE VERY SAME PRIOR THE GOVT ENHANCED PETITIONER UPON.(WAS DUE_ FOR A PRE·TRIAL CONFERANCE ON NOV 30 (I992)

IN RE WILSON II4 US.4I9

(23)

RELIEF REQUESTED

THAT THIS HONORABLE COURT GRANT (I) THE WRIT OF ERROR CORAM NOBIS GRANT ISSUANCE OF HABEAS CORPUS AD TESTIFICANDUM

OR ALTERNATIVELY   GRANT A NEW TRIAL

(24)      GRANT DISMISSAL OF THE INDICTMENT AN GRANT EQUITY JUSTIN FEIT


SWORN UNDER 28 USCA I746 THIS DATE DEC I5TH (2004)
SWORN BEFORE TYE NOTARY PUBLIC

_____

_____

- - - - - - - - - - - - - - - - - - - - - - - -

*Vetter G. Moore*

VETTER G MOORE REG NO
I8760-038 US PRISON LEWISBERG
PA BOX IOO ZIP I7837

CIV NO_____   UNITED STATES DISTRICT COURT DISTRICT MASSACHUSETT BOSTON

FILED WITH BY PRE PAID POSTAGE

CHIEF US.ATTORNEY US.DISTRICT COURT DISTRICT OF MASSACHUSETTS BOSTON

SERVICE UPON THE US.CHIEF SOLICITOR GENERAL AN CHIEF ATTORNEY GENRAL  GENERAL

2004-8020 IN RE MOORE UNITED STATES COURT OF APPEALS FIRST CIRCUIT

CHIEF US ATTORNEYS WASH   D.C.AT 55 JUDICIARY BLDGE.

SERVED US.DEPT.OF JUSTICE AN US ATTORNEY WASH.D.C.US.ATTORNEY DIST(MASS)

US.SOLICITOR MASSACHUSETTS SOLICITOR US.ATTORNEY GENERAL

EXCELLANCY GIVERNOR MR.MITT ROMNEY WARDEN US.PRISON LEWISBERG PA·

CHIEF  US ATTORNEYS FOR THE DISTRICT OF COLUMBIA WASH D C