```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS

IN RE:  VETTER G. MOORE,
           Petitioner.
                                 M.B.D. No: 05-10075-WGY
```

                    MEMORANDUM AND ORDER

YOUNG, C.J.

On July 11, 2005, Petitioner, Vetter Moore, an abusive litigant who has been enjoined by this Court on numerous occasions, filed five documents. These pleadings are not entirely coherent, and it is not clear whether he seeks relief from the District Court or the First Circuit Court of Appeals.

Since February 1, 2005, Moore has continued to file pleadings, in utter disregard of this Court's Orders with respect to preconditions on filing in this Court. In light of Moore's past abuses, this Court has directed that non-complying documents shall not be docketed, but shall be reviewed twice yearly to determine whether Moore has set forth any non-frivolous cognizable claims. Because, however, his most recent filings allege imminent danger of death, this Court will address each of these filings at this juncture, as well as his filings since February 1, 2005.


1.   Motion to Proceed *in forma pauperis* in C.A. 05-11216-RWZ

One document indicates it is a "Motion to Proceed in Forma Paurism". Moore avers he is indigent and unable to produce his

inmate account. His motion specifically refers to his recent case filing treated as a motion pursuant to 28 U.S.C. § 2255, and opened as Civil Action number 05-11216-RWZ. Accordingly, it is ORDERED that this motion shall be docketed in C.A. 05-11216-RWZ and referred to Judge Zobel for ruling.[1]

2.  Motion to Proceed *in forma pauperis* in M.B.D. 05-10075-WGY

The second document appears to be addressed to the First Circuit Court of Appeals, and indicates "Imminent Death Will Accrue" and is entitled " On Appeal Motion to Proceed in Form Prism is A Copy of Judge Young Dismissal Under Attached." That document requests to proceed from the dismissal on February 1, 2005 of this M.B.D. action. The document also indicates the "Appeal is taken to the U.S. First Circuit."

Although Moore describes this as an appeal of a dismissal of a habeas petition, such filing was not accepted by this Court as a habeas petition, and this M.B.D. action was opened for the purpose of preserving an electronic record of Moore's non-compliance with Orders of this Court. Thus, to the extent that Moore seeks leave by this Court to proceed *in forma pauperis* on appeal of this action, the motion is denied, and the Court certifies under Fed. R. App. P. 24(a)(3) that such appeal, four

---

[1] It is noted that there is no filing fee in connection with motions pursuant to 28 U.S.C. § 2255.

months after the dismissal is not taken in good faith. Additionally, Moore asserts he cannot obtain his prison account statement, yet provides no credible support for this assertion, and thus has failed to demonstrate he qualifies for *in forma pauperis* status.

3.  <u>Motion to Proceed *in forma pauperis* on appeal of dismissal</u>

The third document also appears to be addressed to the First Circuit Court of Appeals, and is captioned "On Appeal Motion to Proceed in Forma Pauprism Enclosed is a Copy of J. Young Dismissal Order Attached." It is unclear whether this is duplicative of the second motion addressed above, or whether Moore is attempting to seek leave both from this Court and the First Circuit Court of Appeals with respect to M.B.D. 05-10075-WGY.

Accordingly, to the extent the motion seeks leave of this Court to proceed *in forma pauperis*, it is denied for the reasons stated above. To the extent the motion seeks leave from the First Circuit Court of Appeals, it is hereby ORDERED that the motion shall be TRANSMITTED to the First Circuit Court of Appeals for further action, if necessary.

4.  <u>Motion for Mandamus to Enjoin First Circuit clerk</u>

The fourth document again is addressed to the First Circuit

Court of Appeals, and is entitled "Motion for Mandamus to Enjoin Operational Clerk Julie Gregg Abusive (Ruling, on This Case Like a Judge" and "Complaint Bias Prejudice Operational Manager Julie Gregg Reclusal" [sic].  Moore appears to challenge the dismissal of his writ of error *coram nobis* on June 5, 2005 by Clerk Julie Gregg.

Because this motion is directed to the First Circuit Court of Appeals, it is hereby ORDERED that the document shall be TRANSMITTED to the First Circuit Court of Appeals.

5.   <u>Attachment</u>

The fifth and last document is a copy of the first page of an Order issued in the Middle District of Pennsylvania, Civil No. 1: CV-04-2543, with handwritten notations.

It is unclear what relevance this document has to Moore's submissions, but no action need to be taken with respect to this document, and it shall be transmitted to the First Circuit Court of Appeals along with the other documents.

6.   <u>Other Pleadings Filed Post February 1, 2005</u>

As noted above, this Court conducts twice-yearly reviews of Moore's filings to determine if they present any new, non-frivolous discernable claims.  The last review occurred on or about February 1, 2005, the date upon which this Court entered a

Memorandum and Order directing Moore's prior pleadings be destroyed.

The most recent motions by Moore present an occasion for the Court to revisit the other filings made by Moore since February 1, 2005. Upon review of those filings, the Court rules that they do not present any new non-frivolous discernable claims. Accordingly, it is FURTHER ORDERED that Moore's filings since February 1, 2005 shall be destroyed, in accordance with this Court's prior Orders.

This Memorandum and Order shall be docketed in the above captioned matter in order to electronically preserve the record of this Court's rulings.

SO ORDERED.

Dated at Boston, Massachusetts, this <u>18th day</u> of <u>July</u>, 2005.

<u>/s/ William G. Young</u>
WILLIAM G. YOUNG
CHIEF, UNITED STATES DISTRICT JUDGE